# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL LoPORTO,<br><br>                        Plaintiff,<br><br>  - against -<br><br>COUNTY OF RENSSELAER, YOUEL C. SMITH, III, also known as and practicing law under the assumed name of "Trey Smith", individually and in his capacity as appointed Special District Attorney for the County of Rensselaer; RICHARD J. McNALLY, JR., individually and in his capacity as District Attorney for the County of Rensselaer; WILLIAM A. McINERNEY; JOHN F. BROWN; DANIEL B. BROWN; and JOHN J. OGDEN, individually and as investigator for the New York State Police,<br><br>                       Defendants. | Civil Case No.: 1:15-cv-866<br>(LEK/CFH) |

## ANSWER OF DEFENDANT YOUEL C. SMITH, III

Defendant Youel C. Smith, III, as and for his Answer to Plaintiff's Complaint, alleges on information and belief:

### INTRODUCTION AND JURISDICTION STATEMENT

1. Denies each and every allegation contained in paragraphs "1", "2" and "3" of the Complaint.

2. As to paragraph "4" of the Complaint, denies that he waived or relinquished the requirement that a Notice of Claim be filed by the Plaintiff, and denies knowledge or information

sufficient to form a belief as to the truth or falsity of any allegation that other named Defendants did so.

3. As to paragraphs "5", "6" and "7" of the Complaint, respectfully refers questions of law to this Honorable Court.

## PARTIES

4. Admits the allegations of paragraph "8" of the Complaint.

5. Refers questions of law to this Honorable Court, and otherwise admits the allegations of paragraphs "9", "10" and "11" of the Complaint.

6. Admits the allegations of paragraphs "12", "13" and "15" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph "14" of the Complaint.

## FACTUAL ALLEGATIONS

8. As to paragraph "16" of the Complaint, admits that Plaintiff and Defendants WILLIAM A. McINERNEY, JOHN F. BROWN and DANIEL B. BROWN, and others, uttered and possessed absentee ballot applications in the names of residents and/or former residents of the City of Troy and voters registered in the Working Families Party, in connection with the September 15, 2009 Working Families Party primary held in the City of Troy, which applications were ultimately falsely completed; and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that such activity assisted, or was

performed with intent to assist, the Working Families Party, or that petitions were passed; and denies each and every other allegation.

9. As to paragraph "17" of the Complaint, admits that Robert Mirch suspected that absentee ballot applications and absentee ballots had been forged, and that Mirch at some point challenged the authenticity of same, but denies that Mirch brought "claims and accusations" of such activity to this or any other Defendant. Rather, upon information and belief: a Christian Lambertsen, at Mirch's behest and/or with his assistance, initiated a civil special proceeding by order to show cause dated September 23, 2009, to invalidate fraudulent ballots; David L. Gruenberg, the attorney for Mr. Lambertsen, advised Defendant RICHARD J. McNALLY of the illegalities alleged in that special proceeding; thereafter, by letter dated September 24, 2009, McNALLY sought the appointment of a Special Prosecutor; this Defendant was appointed as Special District Attorney for all purposes in relation to the issues raised by Lambertsen by order dated September 28, 2009; at this Defendant's request, the New York State Police agreed to assist in the investigation; and subsequently, Defendant JOHN J. OGDEN, an investigator with the New York State Police, interviewed Mirch regarding his knowledge and information as to the September 15, 2009 ballot fraud. Defendant denies knowledge or information sufficient to form a belief as to the remainder of the allegations.

10. As to paragraph "18" of the Complaint, admits that the New York State Police agreed to assist in the investigation into the September 15, 2009 ballot fraud, and that this investigation led to evidence tending to incriminate Defendants McINERNEY, JOHN F. BROWN and DANIEL B. BROWN, and others (including, but not limited to, Plaintiff), but

denies that the results of the investigation were turned over by the New York State Police to any person other than this Defendant.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "19" of the Complaint.

12. Denies the allegations of paragraph "20" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether McNALLY had reason to suspect the existence of ballot fraud in connection with elections held in 2007, 2008 and 2009, and refers all questions of law to this Honorable Court.

13. Denies each and every allegation of paragraphs "21", "23", "24", "26", "27", "28", "29", "30", "32", "33", "34", '36", "38", "39" and "42" of the Complaint.

14. As to the allegations of paragraph "22" of the Complaint, denies that any right of the Plaintiff was violated by Defendant, and refers all questions of law to this Honorable Court.

15. As to paragraph "25" of the Complaint, admits the evidence gathered by the New York State Police showed that Defendant McINERNEY was involved extensively in procuring fraudulent signatures on absentee ballot applications for the elections of 2007, 2008 and 2009, and denies the remaining allegations.

16. As to paragraph "31" of the Complaint, admits that during the course of the investigation by the New York State Police, there was a great deal of evidence against Defendant McINERNEY, and that witnesses specifically gave evidence indicating that McINERNEY and Defendant JOHN F. BROWN falsely completed absentee ballot applications and absentee ballots, and denies the remaining allegations.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph "35" of the Complaint regarding the state of mind of either Defendant McINERNEY or Defendant McNALLY in their meeting, and denies each and every remaining allegation.

18. As to paragraph "37" of the Complaint, admits on information and belief that defendant McNALLY referred defendant McINERNEY to attorney James Long, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph "37" regarding McNALLY's state of mind, and refers all questions of law to this Honorable Court.

19. As to paragraph "40" of the Complaint, admits that Plaintiff went to trial twice, and denies each and every remaining allegation.

20. As to paragraph "41" of the Complaint, admits that Plaintiff was found not guilty on July 16, 2012, and denies each and every remaining allegation.

21. As to paragraph "43" of the Complaint, admits that the Defendant obtained expanded authority to prosecute Defendant McINERNEY for ballot fraud committed in connection with 2007 and 2008 elections; that the Defendant's sentencing recommendation to the Court for Defendant McINERNEY was for 90 days in the Rensselaer County Sheriff's Work Order Program, upon a plea to a single count of the class D felony of forgery in the second degree; and that the Defendant's sentencing recommendation to the Court for Defendant JOHN F. BROWN was for six months incarceration (to be served on weekends) and five years probation, and denies each and every other allegation.

22. As to paragraph "44" of the Complaint, admits that Defendant McINERNEY admitted to guilt for forgeries during the 2009 Working Families Party primary on absentee ballots and absentee ballot applications, and denies each and every other allegation.

23. As to paragraph "45" of the Complaint, admits that Plaintiff was found not guilty, that Defendant JOHN F. BROWN received a split sentence of six months and five years probation, and denies each and every other allegation.

24. As to paragraph "46" of the Complaint, admits that Defendant JOHN F. BROWN appealed his sentence to the Appellate Division, Third Department despite his execution of the waiver of the right to appeal, and that the appeal was denied as meritless, and denies each and every other allegation.

## AS TO THE FIRST CAUSE OF ACTION

25. Denies each and every allegation of paragraphs "47", "48", "49", "50", "52", "53", "54" and "55" of the Complaint.

26. As to paragraph "51" of the Complaint, admits that Plaintiff did not consent to his arrest or indictment, and denies that Plaintiff failed to consent to trial by jury.

## AS TO THE SECOND CAUSE OF ACTION

27. As to paragraph "56" of the Complaint, Defendant repeats and realleges each and every admission, denial and denial made upon information and belief heretofore made in response to paragraphs "1" through "55" of the Complaint.

28. Denies each and every allegation of paragraphs "57", "58", "60", "61" and "62" of the Complaint.

29. As to the allegations of paragraph "59" of the Complaint, admits that Plaintiff did not consent to his arrest or indictment, and denies that Plaintiff failed to consent to trial by jury.

## AS TO THE THIRD CAUSE OF ACTION

30. As to paragraph "63" of the Complaint, Defendant repeats and realleges each and every admission, denial and denial made upon information and belief heretofore made in response to paragraphs "1" through "62" of the Complaint.

31. Denies each and every allegation of paragraphs "64", "65", "67", "68" and "69" of the Complaint.

32. As to the allegations of paragraph "66" of the Complaint, admits that Plaintiff did not consent to his arrest or indictment, and denies that Plaintiff failed to consent to trial by jury.

## AS TO THE FOURTH CAUSE OF ACTION

33. As to paragraph "70" of the Complaint, Defendant repeats and realleges each and every admission, denial and denial made upon information and belief heretofore made in response to paragraphs "1" through "69" of the Complaint.

34. Denies each and every allegation of paragraphs "71", "72", "73", "74", "77" and "78" of the Complaint.

35. As to the allegations of paragraph "75" of the Complaint, admits that Plaintiff did not consent to his arrest or indictment, and denies that Plaintiff failed to consent to trial by jury.

## AS TO THE FIFTH CAUSE OF ACTION

36. As to paragraph "79" of the Complaint, Defendant repeats and realleges each and every admission, denial and denial made upon information and belief heretofore made in response to paragraphs "1" through "78" of the Complaint.

37. Denies each and every allegation of paragraphs "80", "81" and "82" of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

38. As to paragraph "83" of the Complaint, Defendant repeats and realleges each and every admission, denial and denial made upon information and belief heretofore made in response to paragraphs "1" through "82" of the Complaint.

39. Denies each and every allegation of paragraphs "84", "85", "86" and "87" of the Complaint.

## AS TO THE SEVENTH CAUSE OF ACTION

40. As to paragraph "88" of the Complaint, Defendant repeats and realleges each and every admission, denial and denial made upon information and belief heretofore made in response to paragraphs "1" through "87" of the Complaint.

41. Denies each and every allegation of paragraphs "89", "90", "91", "92", "93" and "94" of the Complaint.

## AS TO THE EIGHTH CAUSE OF ACTION

42. As to paragraph "95" of the Complaint, Defendant repeats and realleges each and every admission, denial and denial made upon information and belief heretofore made in response to paragraphs "1" through "94" of the Complaint.

43. Denies each and every allegation of paragraphs "96", "97", "98", "99" and "100" of the Complaint.

## FOR A FIRST DEFENSE

44. The Complaint fails to state any claim against Defendant Smith upon which relief can be granted.

## FOR A SECOND DEFENSE

45. One or more of the claims alleged in Plaintiff's Complaint is barred by the applicable statute of limitations or is otherwise untimely.

## FOR A THIRD DEFENSE

46. Defendant Smith is entitled to absolute immunity with respect to each claim alleged in Plaintiff's Complaint.

## FOR A FOURTH DEFENSE

47. With respect to each claim alleged in Plaintiff's Complaint against Defendant Smith in his official capacity, Defendant Smith is entitled to absolute immunity under the Eleventh Amendment to the United States Constitution.

## FOR A FIFTH DEFENSE

48. Defendant Smith is entitled to qualified immunity for each claim alleged in Plaintiff's Complaint with respect to which Defendant Smith is not entitled to absolute prosecutorial immunity.

## FOR A SIXTH DEFENSE

49. One or more claims alleged in Plaintiff's Complaint against Defendant Smith is barred by the doctrine of collateral estoppel.

## FOR A SEVENTH DEFENSE

50. The prosecution of the Plaintiff was based upon probable cause and Indictment.

## FOR AN EIGHTH DEFENSE

51. The claim for punitive damages in Plaintiff's Complaint violates Defendant Smith's rights under the Due Process Clause of the United States Constitution and the New York State Constitution.

## FOR A NINTH DEFENSE

52. The claim for punitive damages in Plaintiff's Complaint violates Defendant Smith's rights under the Eighth Amendment of the United States Constitution and the New York State Constitution prohibiting the imposition of excessive fines and penalties.

**WHEREFORE**, Defendant Smith demands judgment dismissing the Complaint, on the merits and with prejudice, together with costs and disbursements, including attorneys' fees pursuant to 42 U.S.C. §1988, and such further or different relief as to the Court may seem just and proper.

DATED: September 29, 2015          NAPIERSKI, VANDENBURGH,
                                   NAPIERSKI & O'CONNOR, LLP


                                   By: *Thomas J. O'Connor*
                                       THOMAS J. O'CONNOR
                                   Bar Roll No.: 102285
                                   *Attorneys for Defendant*
                                     *Youel C. Smith, III, as known as and practicing*
                                     *law under the assumed name of "Trey Smith",*
                                     *individually and in his capacity as appointed*
                                     *Special District Attorney for the County of*
                                     *Rensselaer*
                                   296 Washington Avenue Ext., Ste. 3
                                   Albany, New York 12203
                                   E-Mail: toc@nvnolaw.com
                                   Telephone: (518) 862-9292
                                   Facsimile: (518) 862-1519

TO:   PAUL F. DWYER, ESQ.
      *Attorneys for Plaintiff*
      399 Albany Shaker Road, Suite 204
      Loudonville, New York 12211
      E-Mail: pdwyer@lawdd.com
      Telephone: (518) 432-5988
      Facsimile: (518) 432-5980

CC:   John W. Bailey, Esq.
      BAILEY, KELLEHER & JOHNSON
      *Attorneys for Defendant County of Rensselaer*
      Pine West Plaza 5, Suite 507
      Washington Avenue Extension
      Albany, New York 12205
      E-Mail: jwbailey@bkjlaw.com
      Telephone: (518) 456-0082
      Facsimile: (518) 456-4767

      ROBERT A. BECHER, ESQ.
      *Attorney for Defendant Richard J. McNally, Jr.,*
        *individually and in his capacity as District*
        *Attorney for the County of Rensselaer*
      5 Wilson Street
      Albany, New York 12207
      E-Mail: robertabecher@gmail.com
      Telephone: (518) 436-9525
      Facsimile: (518) 436-4583

CC: James E. Long, Esq.
LAW OFFICE OF JAMES E. LONG, ESQ.
*Attorneys for Defendant William A. McInerney*
668 Central Avenue
Albany, New York 12206
E-Mail: Longlaw@mac.com
Telephone: (518) 458-2444
Facsimile: (518) 458-2448

Phillip G. Steck, Esq.
COOPER ERVING & SAVAGE, LLP
*Attorneys for Defendants John F. Brown and Daniel B. Brown*
39 North Pearl Street, Fourth Floor
Albany, New York 12207
E-Mail: psteck@coopererving.com
Telephone: (518) 449-3900
Facsimile: (518) 432-3111

William A. Scott, Esq.
Assistant Attorney General
*Attorney for Defendant John J. Ogden,*
*Individually and as investigator for the*
*New York State Police*
ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL OF THE STATE OF NEW YORK
The Capitol
Albany, New York 12224-0341
E-Mail: William.Scott@ag.ny.gov
Telephone: (518) 776-2255
Facsimile: (518) 915-7740

2015\06013\answer